trilogy for the day. Hebner v. McGrath Good morning, Your Honor. May it please the Court, my name is Dena Meyer-Henry with my colleague George Boisseau. We're here on behalf of appellant Alfred Hebner. Mr. Hebner's case differs from the cases that the Court has heard this morning. Mr. Hebner's case is directly on point with the Gibson case. He his state court conviction was in 1996. He was given the 1996 Calgic version 2.50, 2.501, which is the very statute dealt with in the Gibson case. And as in Gibson, his jury was told that if they found by a preponderance of the evidence that he had committed a prior rape, that they could use that to determine that he had a propensity to commit rape and use that to determine that he committed the charged rape. Indeed, the State doesn't appear to contest that if Gibson is properly before us, if this argument is properly raised by Petitioner, then it doesn't dispute the applicability of Gibson. Is that correct? That's true, Your Honor. So the question becomes whether the issue was properly raised by Petitioner on a timely basis. Your Honor, that's exactly what our papers address. There are a couple of ways that he gets to that point. First of all, procedurally this case has been long and complicated. He's had appeals in the State court, habeas petitions in the State court, habeas petition in the Federal district court, which was initially denied as untimely and then reinstated. And then one of the issues, the ineffective assistance of counsel issue, was taken back to the California Supreme Court to exhaust that issue and then came back. And in the interim, Mr. Habener filed a motion to amend his petition to add specifically the issue of the Calgic instruction. That motion to amend was denied. The amendment specifically should have been granted. Under Felix v. Mayo, an amendment should be granted where it is not different in time or type from the claims in the original petition. And that's what we have going on here. In his original ---- Well, just a minute. But before, all the things in front of the Court were evidence questions. Now we're trying to amend in a situation hoping that because of this amendment we can get back to the original, the date of the original pleading, because it's outside the statute of limitations at this point, so we've got to make it relate back under 15c2. So your argument is, then, that a jury instruction error is the same as an evidence question? No, Your Honor. That's one way to look at it. But what I'm saying is that the original arguments were not merely evidence admissibility issues. They were constitutional issues regarding how the evidence was handled. This is a pro se petition. It's not clear, I grant you. But in his petition, he talks about the lowering of the burden of proof. And the way we get there is through the jury instruction. And I'd ask the Court to look through, look at the California precedents, the Oriana case, the James case, the Falsetti case. When those courts considered constitutionality, they did it as applied, which means they did it in the context of the jury instructions. So what I'm saying is that this Court should have considered the jury instructions in dealing with the original petition so that by asking the Court specifically to look at that, all we're doing is clarifying. We're not adding a new argument. We're just clarifying a position. The thing that seems a little funny, though, is that in original pleading in the State court, we didn't have any trouble. But now we're at this point where we're on habeas review. We didn't add it. Now we've got to move to amend to get it added. So now here we are again. It was addressed in the State court. It was addressed. Well, I understand that. But that's why we're having trouble now, because you didn't put it in your pleadings so that we could get it in front of us. So you have to move to amend. Right. But again, the motion to these are pro se petitions. He's doing the best he can. But again, it's really part and parcel of the same argument, so it falls within the strictures of Felix v. Mayo. It's not a new argument. It's not. It's an explanation or clarification of an existing argument.  And I think it's important to note that the failure to object to the propensity instruction is the error, the ineffective assistance of counsel in failing to object to the propensity evidence and failing to object, therefore, to the, you know, the propensity instructions that came in, and it's the instructions that are violate his constitutional rights. The failure to object was unreasonable at the time, given the unsettled state of the law with regard to California Evidence Code 1108. This was a brand-new statute at that time, just about a year old. And it wasn't until 1997, 98, 99, that the State court started looking at this same jury instruction and finding the problems that we're here addressing today and that were addressed in Gibson. So it was unreasonable for his attorney at the time not to make these objections. Well, my ‑‑ I guess I know that counsel in the last case would suggest that simply because I ask a question, I've already made my mind up. That is not the case. But when I read Mayo v. Felix, it says, if claims asserted after the one-year period could be revived simply because they relate to the same trial or the same conviction or sentence as timely filed, then AEDPA's limitation period would have slim significance. Then they say our rejection of the translation, same conduct, translation occurrence to mean the same trial, conviction, or sentence scarcely leaves meaningless in the habeas context. And it seems to me that that hits us right square here. Well, if the Court would look at the Mandicina case, it's a case where the original petition involved Brady error. The amended petition involved failure to turn over a specific report. And the Court found that those were related to the same transaction occurrence. And what we're saying here is not that the trial is a transaction of the occurrence, but that the Court cannot consider the constitutionality of this statute as applied to Mr. Hebner without also considering the jury instructions, which were how the jury was told to apply the statute, which is how — which makes the amendment, then, a clarification rather than a new argument. And if it pleases the Court, I'd like to reserve my remaining time for rebuttal. You may. May it please the Court. Nanette Winneko for Respondent. I just want to clarify first one point that was also raised — that was raised in our brief and also by counsel. The due process claim that is raised by now in the instructional error was never raised in the State court. We actually noted in our brief that it was on direct appeal. However, that is incorrect. Counsel did raise it, or appellant did raise it in his brief and direct appeal related, I think, six or seven challenges to the Caltic instruction. None of those six or seven challenges were the one that is raised now. So basically the first time counsel is raising this issue is now. As noted by the district court, it is untimely and it does not relate back. And I think if you look at Mail v. Felix, you can see, based on that holding, that this claim does not relate back. We're looking at the essential predicate under Mail v. Felix, the core of operative facts. Now, Petitioner's first claim, the one that was timely filed, was that 1108 evidence violated due process because to admit it when it was only proved by a preponderance of the evidence violates his due process right. Basically, the argument is the jury is going to think because I was a bad guy before, I'm a bad guy now, and they're going to convict me of the current offenses. What about that? It's the preponderance of evidence reference that makes the possible connection. And I freely confess I've had trouble parsing this through, dealing with a pro se habeas petition, but there is an explicit reference not to the instruction, but to the preponderance of evidence standard, which, as best I can figure, comes in only through the instruction. Well, that's true, Your Honor. I think in their brief, counsel hooks on to the fact that they mentioned in the middle of their argument something about the lower standard of proof, the preponderance of the evidence of proof. And I guess the first thing I would do is quote a famous line from U.S. v. Dinkle, which I'm sure counsel is aware of, and that is that judges are not pigs hunting for truffles in the middle of briefs. I mean, the fact that they mention the preponderance of the evidence standard in a due process claim based on the admission of evidence at trial does not clear my beliefs. But what else would the standard of proof, the burden of proof do? I mean, you don't deal with that issue with regard to admission of evidence. Well, I think that that strays from the focus under Mail v. Felix when you look at that issue. Well, let's look at Mail v. Felix. It says that it certs a new ground for relief supported by facts that differ in both time and type from those of the original pleadings set forth. How are the facts different in time and type both? Well, the facts are different in this respect, Your Honor. The facts in the first claim, if you will, the timely filed claim, are the testimony of Penelope W. relating to her rape. So under Mail v. Felix, that would be the essential predicate. And I draw that out because in Mail v. Felix, when he talks the Court talks about the essential predicate of the Fifth Amendment claim that the Petitioner is trying to be deemed timely, the Court says the fact that it's admitted at trial is of no importance here. We're looking at the fact that this interrogation resulted from a pretrial interrogation. That's the essential predicate that we're looking at. Well, in this case, we're looking at the essential predicate of the facts relating to Penelope W.'s rape. When we're talking about the second claim or the untimely claim that Petitioner raises, what we're looking at is we're not looking at anything to do with Penelope W. or the rape. We're looking at what did the jury believe based on this instruction. That is clearly distinct in time and place. I think to take the words time and place literally, I don't believe Felix v. Mail did that, because in Felix v. Mail, the two claims both involved pretrial interrogations, one of a witness and one of the defendant, and yet the Court still found that they were distinct in time and place. So what they basically did was look at the core of operative facts, the essential predicate, and that's how they determined whether they were distinct in time and place. And I talk position that based on that analysis, in this case, the fact that a jury instruction uses or focuses on a burden of proof and the Petitioner mentioned a burden of proof in the middle of his argument on the admission of evidence under an evidence code section does not erase the error, the fact that these are two separate and distinct claims. Another point I just wanted to make, our counsel just discussed ineffective assistance of counsel for failure to object based on counsel's words were the unsettled state of the law at the time. I think 11 of the evidence code 1108 had been enacted a year before the trial in this case, and two years before that, the Federal Rules of Evidence had enacted or Federal Rule of Evidence 413 had been enacted on which 1108 is based. So I don't believe that constitutes as an unsettled state of the law. In any event, when we look at whether counsel's failure to object is ineffective assistance of counsel, we have to determine, of course, under Strickland whether his failure to object was objectively unreasonable. And I believe that based on the fact that we have this law in effect, and again, it was based on a Federal Rule of Evidence that had been in effect for two years, there's no basis to a claim that his failure to object to the introduction of the evidence was objectively unreasonable. It's possible we've had multiple cases that cover similar ground, but isn't it the case here that the evidence was also specifically admitted under 1101? That's true. It was admitted for a common scheme or plan and intent, I believe, and also to show that there was no mistake in this case, which went to the issue of consent. So the evidence can be expected to be admitted no matter the objection on 1108. That's correct. And as we stated in our brief, there's a case law in California which states that there can be no prejudice when evidence is admitted under both evidence code sections. Counsel, I have a question for you. It's Judge Gould. Is the Gibson issue the challenge to the jury instruction? Is that exhausted? You know, was that fairly presented in the State court? Thank you for raising that, Judge Gould. We did note in our brief that these claims were not exhausted, although apparently counsel disagrees with us. However, our position is that this claim has not been exhausted. As I noted, it was – well, not that it matters for exhaustion purposes, but it was never raised on direct appeal in the California Court of Appeal. The petitioner filed a petition for review in California Supreme Court, did not raise the issue, and then filed a habeas petition, I think two years later, in California Supreme Court, and did not raise it in that – in that petition. So as I noted, the first time this claim was even raised was in the motion to amend the time – to amend the petition with this claim. Well, doesn't that mean, if that's true, if the district court had permitted amendment, wouldn't we have to reverse for lack of exhaustion? The problem – the problem with the exhaustion argument, Your Honor, is that, well, first of all, the district court obviously found it did not relate back and it was untimely. So even if the petitioner goes back and exhausts the claim now in the California Supreme Court, that doesn't change the fact that basically the focus is really on the fact, does this relate back to make it timely? And so really that's the essential issue here, and that's why our argument is on exhaustion is in a footnote, because he can go back and exhaust it. Yes, we acknowledge that, but it still doesn't relate back, and that is the central issue. Didn't the district court permit the petitioner to go back and exhaust? I've now lost track of which claim was which, but so you're basically not pushing the exhaustion argument because it could well just go back to the district court to permit exhaustion, and we're going to be right back where we are now. With the same question. You're drawing the line in the question of whether the relation back permits amendment to add this argument to the Federal courts. Exactly, because it still comes back to the same issue. Thank you. Roberts, do you have any rebuttal? Thank you, Your Honors. First of all, we're talking about the same core of operative facts here. We're not talking about two different things. As the Court pointed out, the evidence in question was admitted under 1101. So it's not merely the admission of that evidence that's the problem. The problem is that the admission, that it was admitted specifically for the purpose of propensity. If you don't admit it for propensity, you do not get to this challenge jury instruction. So it's the issue, basically it's the same core of facts. It's the testimony of the prior victim and the instructions for handling it that make up the due process claim. And if the Court looks to the supplemental excerpts of record, and I think it's 65 through 69, the jury instruction was discussed in the California Supreme Court petition for cert in the context of the due process violation based on 1108. So it has been presented to the Court. As far as the question of the law being unsettled at the time, the first California Supreme Court case to rule on this, on 1108, was Falsetta, and that was in 1999. But even before 1999, between the time of the 1996 Calgic instruction and Falsetta, the courts had already started to amend the instruction in question. So we are in a situation where the law was unsettled, and on the issue of effective assistance of counsel, it was absolutely unreasonable not to raise the argument. For that reason and for the reason that the amendment should be allowed, we're Mr. Hebner's habeas petition. Thank you. Thank you. Thank you. We thank both counsel for their argument. Hebner v. McGrath is submitted. Counsel, Judge Clifton, before we go to fresh fruit, could we take a 10-minute break? Let's do that. The Court will be in recess for 10 minutes. All rise. I'm sorry. There's a question. Okay. It was previous. Okay. Can we go back to our back?     All rise. Okay. Can we go back to our back? Okay. Two long ones now. Two long ones. Okay. All rise. All rise. All rise. All rise. Well, the judge has announced it. Okay. So... I don't know if he's monitoring it. I think he can get a snapshot of the screen, so I'm all missing. Yeah, they're just taking a quick ten minutes, so... I can't do it. Can you tell him I'll be ready to go? Sure. I'm going to get Carla.  She didn't answer, I'll give her a couple of minutes. Okay. All right. All right. All right. What's the matter? Oh, yeah, they just turned it. Who did? Maybe explain to her. Yeah. Yeah, I don't know why she would have moved it. I'll tell her. So do you want the benchmark? Is that what... Yeah. Okay. Yeah. Okay. The thing is that it might take three pages on Alice. Okay. Okay, so we'll just have... We'll leave it there. And I've got... Right now you've got your other... Fresh fruit. Once fresh fruit's over, I'd like... Right. Okay. Let me see if the clerk's here. There's Talman and Fletcher. They said... They both said that they wanted to keep their... All right. Can you give me some water? And you have a... Or that. We're trying to... Really ready. I'm sorry. Yeah. We welcome the class here from the Athenian School. We'll proceed with the next case in our calendar, Fresh Fruit and Vegetable Workers, Local 1096, versus National Labor Relations Board.
judges: Gould, Clifton, Smith